IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| vs. | * | No. 4:10CR00032-001 SWW |
| | * | |
| TONY ROBINSON | * | |
| | * | |

**Memorandum and Order**

Defendant Tony Robinson filed a motion entitled "Subject Matter Jurisdiction Fed.R.Civ.P. 12(b)(1)." Defendant alleges the court does not have subject matter jurisdiction, and thus his conviction should be dismissed.

The primary way for a defendant to attack and challenge the validity of his conviction is through a petition filed pursuant to 28 U.S.C. § 2255. Defendant Robinson previously filed a § 2255 petition, which was denied. He also filed a motion pursuant to Fed.R.Civ.P. 60, which was denied. As the Court noted in denying the Rule 60 motion, sometimes defendants file a second or successive petition under the guise of a Rule 60 motion in order to circumvent the requirement for authorization. *See Boyd v. United States*, 304 F.3d 8113, ,814 (8th Cir. 2002).

The motion before the Court appears to be a second or successive habeas petition. The Court finds it should be dismissed for failure to obtain authorization from the Court of Appeals. *See United States v. Patton,* 309 F.3d 1093, 1094 (8th Cir.2002) (prisoners may not bypass authorization requirement by purporting to invoke some other rule or procedure); *see also Burton v. Stewart,* 549 U.S. 147, 153 (2007) (absent prior authorization, district court lacks

jurisdiction to entertain successive § 2255 motion and should dismiss it or transfer it to court of appeals).

IT IS THEREFORE ORDERED that defendant's motion to dismiss for lack of subject matter jurisdiction [ECF No. 96] is denied.

DATED this 9th day of May, 2014.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE