# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                                4:10-CR-00032-SWW

TONY ROBINSON

## **ORDER**

Before the Court is Defendant Robinson's second *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). *Doc. 122*. For reasons that follow, the motion is denied.

On February 2, 2011, following a bench trial, the Court found Defendant guilty of unlawful possession of a firearm as a previously convicted felon. *Doc. 36*. On July 6, 2011, the Court sentenced Defendant as an armed career criminal to 235 months in prison. *Doc. Nos. 42, 43*. On appeal, Defendant challenged the Court's decision denying his motion to suppress evidence, and the Eighth Circuit affirmed his conviction. *Docs. 53, 54*. Defendant then filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (*Doc. 64*), which the Court denied. *Doc. 68*

On April 1, 2022, Defendant filed his first *pro se* motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1), seeking release based on COVID-19 and health conditions. The Court denied the motion because the asserted bases for relief

did not qualify as "extraordinary and compelling" reasons permitting compassionate release under § 3582(c)(1)(A) and because consideration of § 3553(a) sentencing factors, specifically the need for the sentence to reflect the severity of the offense and to protect the public from further crimes by Defendant, weighed against release. On May 18, 2022, the Eighth Circuit summarily affirmed this Court's order denying Defendant's motion for compassionate release. *Doc. 120.*

Now before the Court is Defendant's second *pro se* motion for compassionate release. Defendant seeks release based on the same medical condition referenced in his first motion--heart disease. However, Defendant's medical condition still does not qualify as an "extraordinary and compelling reason" justifying compassionate release.[1] In addition, the Court continues to find that compassionate release is not appropriate based on consideration of § 3553(a) sentencing factors, specifically the

---

[1] A federal court may grant a motion to modify a term of imprisonment only when, after considering the factors set forth under 18 U.S.C. § 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C.A. § 3582(c)(1)(A). Notes to United States Sentencing Commission Policy Statement § 1B1.13, which the Court finds helpful, states that a medical condition qualifies as an "extraordinary and compelling" reason warranting relief when the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.12 app. n.1(A)(ii). Defendant's medical condition, as described in his motion and accompanying medical records, does not amount to a terminal illness or a condition that substantially diminishes his ability to care for himself. In fact, Defendant states that if released, he will find a job that suits his medical condition and enroll in school.

2

need for the sentence to reflect the severity of the offense and to protect the public from further crimes by Defendant.

IT IS THEREFORE ORDERED that Defendant's Motion for Compassionate Release (*Doc. 122*) is DENIED.

IT IS SO ORDERED, this 10th day of March, 2023.

/s/Susan Webber Wright  
UNITED STATES DISTRICT JUDGE